BRETT D. CRAGUN (#8683)
CRAGUN & CRAGUN
Mailing: PO Box 160234
Clearfield, UT 84016
Telephone (801) 513-2060
Fax (801) 513-2082
Brett@BrettCragun.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| Angela Ragsdale, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Allied Interstate LLC,<br><br>Defendant(s). | C.A. No:<br>2:22-cv-00487-DBP<br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Angela Ragsdale (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through her attorneys, against the Defendant Allied Interstate LLC (hereinafter, "Defendant" or "Allied"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION**

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

1

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Utah consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Utah, County of Utah.

8. Defendant Allied is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process located at c/o CT Corporation System, 1108 East South Union Avenue, Midvale, Utah 84047.

9. Upon information and belief, Defendant Allied is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following Class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of Utah;

   b. to whom the Defendant Allied sent an initial collection letter attempting to collect a consumer debt;

   c. in two sub-classes:

      1. "Conflicted Balance Class" where the letter sets forth

         1. a "You Owed" amount of the debt,

         2. no additional amounts charged since the "You Owed" date,

         3. that reflects payments/credits made since charge-off, and

         4. then lists the total balance as being more than the "You Owed" amount; AND

      2. "Statute of Limitation Class" where the letter sets forth

         1. a default date precluding enforceability of the debt pursuant to the applicable statute of limitations,

        2. but fails to disclose the inability to sue; and

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and/or 1692g.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f and/or 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the allegations above as if set forth here.

20. Some time prior to June 7, 2022, an obligation was allegedly incurred to the creditor, Navient, a non-party to the instant suit.

21. Upon information and belief, the subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes, specifically a personal student loan.

22. Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

23. The subject obligation is consumer-related, and is therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Upon information and belief, Navient contracted with the Defendant Allied for the purpose of debt collection. Therefore, Defendant Allied is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

25. Defendant uses the instrumentalities of interstate commerce or the mail in its businesses, the principal purpose of which is the collection of consumer debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to

be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violations – June 7, 2022 Collection Letter*

26. On or about June 7, 2022, Defendant sent the Plaintiff an initial collection letter (the "Letter") regarding the debt originally owed to Navient. (*See* "Letter" at Exhibit A).

*Conflicted Balance Violations*

27. The Letter states:

> You Owed: $10,248.54
> You were charged this amount in interest: $0.00
> You were charged this amount in fees: $0.00
> You paid or were credited: $-3,347.57

28. Moreover, the Letter states the "Total amount of the debt now" is $13,596.11.

29. The Letter is nonsensical.

30. It is not possible for the current balance to be more than the "You Owed" balance if no interest and/or fees were charged.

31. It is not possible for the current balance to be more than the "You Owed" balance if no interest and/or fees were charged, but payments or credits were made.

32. The Letter is confusing, deceptive and misleading to the least sophisticated consumer as to the amount due.

33. Upon reading the Letter, the least sophisticated consumer could interpret the balance owed as $13,596.11.

34. In the alternative, the least sophisticated consumer could interpret the balance to be $10,248.54 minus payments and credits in the amount of $-3,347.57 for a total of $6,900.97.

35. Since the Letter's language has multiple meanings, it is deceptive and misleading to the least sophisticated consumer.

36. For the same reasons, the Letter was deceptive and misleading to the Plaintiff.

37. Because of the conflicting amounts listed, the Letter fails to clearly state the amount of the debt.

### *Statute of Limitation Violations*

38. The Letter further states that the default date was on October 31, 2016.

39. Notably, Plaintiff was a resident of Pennsylvania at all relevant times both before and after the default date.

40. Thus, the applicable statute of limitation on this alleged debt had expired at the time that the Letter was issued.

41. Accordingly, the Letter should have advised the Plaintiff that she could not be sued and that the debt was unenforceable.

42. To state or imply otherwise, affirmatively or by omission, was false, misleading and deceptive.

43. Despite the omitted language in the Letter, the current creditor could not sue on the debt at the time that the Letter was issued.

44. Therefore, Defendant included incorrect or misleading legal advice/status in the Letter.

### *Results of the Defendant's Violations*

45. Defendant's improper collection led the Plaintiff to believe that the Letter was fraudulent, or at least suspect, in whole or in part.

46. Plaintiff was confused as to whether the Letter was from a legitimate debt collector, a fraudulent wrongdoer hoping to induce erroneous payment, or for a debt that was already satisfied.

47. The unexplained contradictions caused the Plaintiff to fear that the Letter was a scam.

48. Because of the Defendant's improper collection, Plaintiff was unable to properly respond to the Letter.

49. Because of the lack of any information foreclosing this possibility, Plaintiff does not know if the Defendant is authorized to collect the debt.

50. The Letter materially misled the Plaintiff because when faced with two equal-amount debts, one of which is unenforceable and shrinking versus one of which is enforceable and growing, Plaintiff would pay the enforceable growing debt first.

51. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance and cannot properly evaluate whether the debt is enforceable.

52. Plaintiff was therefore unable to make payment on the debt.

53. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

54. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that she did indeed owe the debt.

55. Because of the Defendant's improper collection, Plaintiff was prevented from taking certain actions she would have, or could have, otherwise taken had the Defendant's Letter not contained false, deceptive, misleading, and/or unfair content.

56. Moreover, because of this, Plaintiff expended time and money in determining the proper course of action.

57. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

58. Additionally, Defendant's improper acts, and the Plaintiff's reliance thereon, also caused the Plaintiff emotional harm in the form of stress and fear.

59. Plaintiff's emotional harm manifested itself physically in the form of lost sleep.

60. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

61. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress and conversion.

62. Plaintiff is entitled to receive proper notice of the character, amount and legal status of the debt, as required by the FDCPA.

63. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

64. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

65. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

66. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

67. Plaintiff was confused and misled to her detriment by the statements in the Letter, and relied on the content of the Letter to her detriment.

68. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

69. As a result of the Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

70. Plaintiff repeats the allegations above as if set forth here.

71. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

72. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

73. Defendant violated §1692e:

   a. As the Letter falsely represents the true character, amount and/or legal status of the debt in violation of §1692e(2)(A); and

   b. By making false and misleading representations/omissions in violation of §1692e(10).

74. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

75. Plaintiff repeats the allegations above as if set forth here.

76. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

77. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

78. Defendant violated this section by unfairly providing conflicting information concerning:

   a. The amount of the debt; and
   b. The enforceability of the debt.

79. Defendant's acts, as described above, were done intentionally with the purpose of coercing the Plaintiff to pay the alleged debt.

80. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

81. Plaintiff repeats the above allegations as if set forth here.

82. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

83. Pursuant to 15 USC §1692g(a)(1):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing … the amount of the debt…

84. Defendant violated 15 U.S.C. §1692g (a)(1) by failing to clearly identify, and therefore overshadowing, the amount of the debt.

85. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

86. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Angela Ragsdale, individually and on behalf of all others similarly situated, demands judgment from the Defendant Allied as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned counsel as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 28, 2022                                                  Respectfully Submitted,

/s/ Brett Cragun
Brett D. Cragun (Utah Bar No. 8683)
Cragun & Cragun
Po box 160234
Clearfield, UT, 84016
Ph: 801-450-3267
Brett@Brettcragun.com
*Counsel for Plaintiff*